(121 So. 731)
## WIGGINS v. SULLIVAN. (I Div. 526.)

Supreme Court of Alabama. April 11, 1929.

C. L. Hybart, of Monroeville, for appellee.

ANDERSON, C. J. It is, of course, well settled that a court of equity will not specifically enforce the performance of a contract which is harsh, oppressive, and inequitable, but will leave the parties to their remedy at law. It is also as well settled that the contract will not be specifically enforced by a court of equity if wanting in mutuality. The contract must be of such a nature that both a right arises from its terms in favor of either party against the other while the corresponding obligation rests upon each towards the other, and also that either party is entitled to the equitable remedy of specific execution of the obligation against the other contracting parties. There are exceptions, however, to the general rule, as where a want of mutuality in the contract at the time it was entered into is not regarded as an insuperable barrier to a specific performance. For instance, performance by the one party and its acceptance by the other may entitle the performing party to the assistance of the court, though he could not have been compelled to perform. Dimmick v. Stokes, 151 Ala. 150, 43 So. 854, and authorities there cited. Therefore, if it be conceded that the contract when made was not specifically enforceable against Sullivan, yet he has performed his obligation, which was accepted by Wiggins, and he is entitled to have Wiggins perform his agreement to convey the land and account for so much of the personal property as was converted by him. The case of South & North A. R. Co. v. Highland Ave. & B. R. Co., 119 Ala. 105, 24 So. 114, cited by counsel, is not opposed to this holding, but recognizes the exception to the general rule as here invoked. Neither do we regard the contract as so unjust or oppressive as to render the enforcement of same inequitable.

 We think that a sufficient predicate was laid for the parol proof of the contents of the contract. Dr. Rutherford had made diligent search for the original as kept by him, and the copy or duplicate given the respondent could not be located, and a notice to him to produce could have served no useful purpose, as he denied having same. 22 C. J. 1041.

The respondent does not deny the arrangement entered into with the appellee, or that the terms were reduced to writing by Dr. Rutherford, but contends and testified that he obligated himself thereby to convey the appellee 35 acres of the land instead of an undivided one-half interest, and that there was to be no division of the personal property or

L. S. Biggs, of Monroeville, for appellant.

188

so much thereof as was left after the incumbrance was discharged; but we think that the decided weight of the evidence sustains the appellee's contention of the contract, and the trial court did not err in so finding.

The decree of the circuit court is affirmed. Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.